United States District Court
Southern District of Texas
**ENTERED**
July 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Akram Mushtaha and Khawla Mushtaha, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-00930 |
| Meridian Security Insurance Company, | § § § § | |
| *Defendant.* | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

In this insurance dispute, Defendant Meridian Security Insurance Company has filed a Rule 12(c) motion for judgment on the pleadings, Dkt. 15, and a motion for summary judgment, Dkt. 22, seeking dismissal of all claims brought by Plaintiffs Akram Mushtaha and Khawla Mushtaha. Meridian also requests this Court strike the Mushtahas' response to the Rule 12(c) motion as untimely, *see* Dkt. 18, which the Court hereby denies. After reviewing the Rule 12(c) and summary judgment motions, the responses, Dkt. 16, 23, Meridian's replies, Dkt. 18, 25, sur-replies, Dkt. 19, 28, the record, and the applicable law, it is recommended that Meridian's motions (Dkt. 15, 22) be granted in part and denied in part.

**Background**

On or around February 19, 2021, winter storm Uri hit Texas, damaging the property of many Houston residents, including the Mushtahas. *See* Dkt. 1-4 at 2.  Meridian's partial denial of their claim spawned this suit.

**A.     The Policy**

The Mushtahas obtained an insurance policy (the "Policy") with Meridian, effective from June 10, 2020 through June 10, 2021.  *See* Dkt. 1-5 at 19.  Section I(C) of the Policy states that Meridian has "no duty to provide coverage" if the Mushtahas fail to "[s]ubmit to examination under oath, while not in the presence of another 'insured', and sign the same" as often as Meridian "reasonably require[s]," and the failure is prejudicial to Meridian. *See id.* at 80 § I(C)(7)(c).  Section I(H) emphasizes that "[n]o action can be brought against [Meridian] unless there has been full compliance with all of the terms under Section I of this policy."  *Id.* at 82 § I(H).

**B.     Appraisals and payments**

The Mushtahas timely submitted a claim for damages caused by the storm.  *See* Dkt. 1-4 at 2-3.  Meridian then opened a claim, started an investigation, and hired the engineering firm Madsen, Kneppers & Associates, Inc. ("MKA").  *See id.*; Dkt. 23-2 (PX-A1, MKA engineering report).  MKA inspected the property on March 12, 2021, and provided an initial estimate and damage report.  *See* Dkt. 23-2; Dkt. 23-5 (PX-A4, MKA initial report); Dkt. 23-

2

7 (PX-A6, MKA final report).[1]   A public adjuster, Daniel C. Hogan, also evaluated the damage on June 19, 2021.   *See* Dkt. 23-3 (PX-A2; Daniel C. Hogan initial report), 23-4 (PX-A3; Daniel C. Hogan final report).   These inspections resulted in disparate estimates of the replacement cost value of the property damage, with MKA's initial figure of $395,812.71, and Hogan's estimate of $1,229,276.74.   *Compare* Dkt. 23-5 at 37 (MKA initial report), *and* Dkt. 23-6 (PX-A5, email attaching report), *with* Dkt. 23-4 at 72 (Daniel C. Hogan final report).

Subsequently, the parties conducted an appraisal pursuant to the Policy. On October 31, 2022, the parties' chosen appraisers issued a joint appraisal award.   *See* Dkt. 25-3 (DX-C).   In the appraisal award, the appraisers set the total replacement cost value at $1,027,117.77, with an actual cash value of $934,611.71.   *See id.*

Relying on the joint appraisal award, Meridian sent the Mushtahas a letter on November 30, 2022 ("Appraisal Letter"), accepting liability for a portion of the award but refusing to pay $94,073.46 of the actual cash value stated in the appraisal award.   *See* Dkt. 18-1; Dkt. 23-8 (PX-A7); Dkt. 25-4 (DX-D).   Meridian took the position that $47,811.73 of the total figure consisted of duplicate costs or was not adequately substantiated.   *See* Dkt. 25-4 at 2-3.

---

[1] The exhibits attached to the Mushtahas' summary-judgment response are not numbered, but their brief cites those exhibits by number.

Another $46,261.73 of the total addressed "patio stone pavers" that Meridian maintained were "not damaged by water" and, thus, not covered. *See id.* at 3. Deducting those "Erroneously-Included and Non-Covered Items," the Mushtahas' $10,000 deductible, and $430,355.27 in prior payments yielded a balance of $400,182.98. *Id.* at 10.

In the Appraisal Letter, Meridian agreed to pay the balance of $400,182.98 but requested additional information to issue the payment. *Id.* at 10-11. Meridian also stated that "because of the circumstances regarding the presumption of the contents claim, property claim and loss of use claim," Meridian was "request[ing] that Dr. Mushtaha submit to an examination under oath, consistent with the terms and conditions of the Policy, in order to complete its investigation into the Claim." *Id.* at 10.

On December 6, 2022, the Mushtahas' counsel responded to the Appraisal Letter, agreeing to the appraisal payment of $400,182.98 "with recoverable depreciation available once repairs are completed," and providing counsel's W-9 form as requested. *See* Dkt. 25-2 (DX-B). Counsel stated he was "pleased we were able to settle without further time, effort and expense expended by either party." *See id.* The Mushtahas never completed the examination under oath ("EUO").

A dispute arose over the delivery of that final $400,182.98 payment, with Meridian re-issuing the check and the Mushtahas' counsel alleging that the re-

issued check was not received. *See* Dkt. 23-9 (PX-A8, detailing parties' communications from December 2021 through February 11, 2022). According to Meridian, the Mushtahas cashed the re-reissued $400,182.98 check, which was sent to their attorney. *See* Dkt. 25 at 3 (citing Dkt. 25-5 (DX-E)). The Mushtahas acknowledge that the check was re-issued but claim that it is still in the hands of their former counsel. *See* Dkt. 28 at 2 n.1.

To summarize, the record evidence shows that Meridian has paid at least $830,538.25 on the Mushtahas' claim.[2] Those payments are outlined in the chart below:

| | |
|---|---|
| Appraisal award, actual cash value | $934,611.71 |
| Denials based on duplicate costs and lack of documentation | −$47,811.73 |
| Denial of coverage for patio stone pavers | −$46,261.73 |
| Deductible | −$10,000 |
| **Total amount paid** (*i.e.*, $430,355.27 in prior dwelling payments and $400,182.68 pursuant to the appraisal award) | **$830,538.25** |

## C.   Procedural history

In February 2023, the Mushtahas sued Meridian in state court. Dkt. 1-3 (DX-C). Meridian removed the case to this Court based on diversity jurisdiction. Dkt. 1.

Thereafter, Meridian filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Dkt. 15. The Mushtahas did not file a response until 32

---

[2] The Mushtahas assert that Meridian's past payments were $439,000, a slightly higher figure than provided in Meridian's Appraisal Letter. *See* Dkt. 28 at 2.

days later.  *See* Dkt. 16.  In reply, Meridian sought to strike the response as untimely.  Dkt. 18.  The Mushtahas' sur-reply, filed without permission from this Court, requested leave to file their untimely response.  Dkt. 19.

While the Rule 12(c) motion was pending, Meridian filed a motion for summary judgment.  Dkt. 22.  For the first time in reply, Meridian attached new evidence, prompting this Court to allow the Mushtahas an additional sur-reply.  *See* Dkt. 25, 26.  That sur-reply also attached new evidence.  *See* Dkt. 28.  The motions are ripe for review.

## Legal standard

### A.   Rule 12(c) motion for judgment on the pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial ...." Fed. R. Civ. P. 12(c).  "The standard for deciding a Rule 12(c) motion is the same standard used for deciding motions to dismiss pursuant to Rule 12(b)(6)."  *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "the complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each

element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (footnotes omitted).

When resolving a Rule 12(c) motion, the Court limits its review to the complaint and "(a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Sparks v. Tex. Dep't of Transp.*, 144 F. Supp. 3d 902, 903 (S.D. Tex. 2015) (collecting authorities). If the Court opts to consider any other extrinsic material, then the motion must be converted into one for summary judgment. *See Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (citing Fed. R. Civ. P. 12(d)).

### B. Summary judgment

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).   "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001).  In addition, courts must credit all reasonable inferences from the evidence, without "weigh[ing] evidence or mak[ing] credibility findings." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022).  But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

## Analysis

Meridian has filed two dispositive motions.  Its Rule 12(c) motion for judgment on the pleadings seeks dismissal of the Mushtahas' claims for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code § 541.60(a), the Prompt Payment Act, Tex. Ins. Code § 542.058, and the Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.46(b), 17.50(a).  Dkt. 15.  Before those motions were

8

resolved, Meridian also filed a motion for summary judgment challenging the same claims.  Dkt. 22.  Except for one discrete argument targeting the breach-of-contract claim, both motions are substantively identical.

The Court addresses the motion for summary judgment first.  Because of the recommended disposition of that motion, the Court will then turn to Meridian's Rule 12(c) motion.

## I.    Meridian's motion for summary judgment

Meridian seeks summary judgment on all the Mushtahas' claims.  As explained below, the record raises genuine issues of material fact on their breach-of-contract claim and, relatedly, their Prompt Payment Act claim.  All other claims should be dismissed.

### A.    Objections to summary judgment evidence

The Mushtahas object to multiple statements in Meridian's motion for summary judgment, contending they are conclusory and thus "improper summary judgment evidence."  Dkt. 23 at 4-5 (citing Dkt. 22 at 8-9).  But "[a]rguments are not the same as evidence." *Aegis Sec. Ins. Co. v. Lupo*, 2024 WL 1743136, at *4 (S.D. Tex. Mar. 29, 2024).  Moreover, the "conclusory" statements at issue simply assert that the Mushtahas lack evidence to support various elements of their claims.  *See* Dkt. 23 at 4-5.  Meridian is entitled to make those assertions.  "Under federal law, ... it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may

make a proper summary judgment motion, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam).  The Court overrules the Mushtahas' objections.

In addition, the Court *sua sponte* excludes evidence attached for the first time to the Mushtahas' sur-reply.  *See* Dkt. 28-1, 28-2, 28-3; *see also Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) (district court may *sua sponte* exclude improper summary judgment evidence).  The Court cannot consider summary judgment evidence that the opposing party lacked an opportunity to address.  *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

To recount the procedural history, Meridian improperly attached new evidence to its summary judgment reply, *see* Dkt. 25, prompting this Court to grant the Mushtahas leave to file a sur-reply.  *See* Dkt. 27.  That authorization did not give the Mushtahas license to improperly submit new evidence themselves.  Nor did the Mushtahas seek leave to do so.  Considering the parties' repeated violations of court procedures, *see infra* Part II.A, a sur-sur-reply would not serve the interests of justice.  The Court therefore disregards the Mushtahas' new evidence (Dkt. 28-1, 28-2, 28-3).

**B.** **Disputes of material fact preclude summary judgment on the breach of contract claim.**

As their central claim, the Mushtahas allege that Meridian breached the Policy by failing to pay the full amount owed on their claim. To prevail on this claim, the Mushtahas must show that (1) they had a valid contract with Meridian; (2) they tendered performance; (3) Meridian breached the contract; and (4) they sustained damages resulting from the breach. *See Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (applying Texas law). The parties agree that the Policy is a valid contract. *See* Dkt. 22 at 5; Dkt. 23 at 1-2. But Meridian challenges the third and fourth elements—breach and damages.[3] Specifically, the parties dispute the amount of loss and whether Meridian has paid it in full.

The amount of loss is easily determined because the record includes an agreed, and therefore binding, appraisal award. The Mushtahas invoke an earlier estimate by Daniel Hogan. *See* Dkt. 23 at 5 (citing Dkt. 23-4 at 72 (PX-A3, estimating replacement cost of $1,229,276.74)). But they ignore the subsequent joint appraisal conducted on October 31, 2022, which resulted in a final appraisal award—agreed to by both sides' appraisers—setting the

---

[3] In its Rule 12(c) motion, Meridian also disputes whether the Mushtahas performed their obligations under the Policy, the second element of their breach-of-contract claim, arguing that the Mushtahas did not submit to an examination under oath. That contention is addressed separately below. *See infra* Part II.C.

11

amount of loss as $934,611.71 (actual cash value). *See* Dkt. 25-3. "[A]n enforceable appraisal award, like the one issued in this case, is binding on the parties with respect to that amount." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). The Mushtahas have presented no evidence suggesting that the award is unenforceable, such as where "(1) the award was made without authority; (2) the award was made as a result of fraud, accident or mistake; or (3) the award was not made substantially in compliance with the requirements of the policy." *See Royal Hospitality Corp. v. Underwriters at Lloyd's London*, 2022 WL 17828980, at *4 (S.D. Tex. Nov. 14, 2022) (listing limited grounds for disregarding an appraisal award). As a result, the Mushtahas are estopped from asserting that their loss exceeds the appraisal award. *See TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." (internal quotation marks omitted)).

The next question is whether Meridian paid the entire amount of loss established by the appraisal award. An insurer's timely payment of a binding and enforceable appraisal award—if accepted by the insured—precludes the insured from asserting that the insurer breached the contract. *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (per curiam); *see also, e.g., Martinez v. State Farm Lloyds*, 2024

WL 1348439, at *2 (S.D. Tex. Mar. 29, 2024) (applying this principle to reject breach-of-contract claim); *Pounds v. Liberty Lloyds of Tex. Ins. Co.*, 528 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (same).

Contrary to Meridian's assertion, however, the evidence does not establish that Meridian has, in fact, paid the entire actual cash value of $934,611.71 specified in the appraisal award. *See* Dkt. 25-3 (appraisal award). Meridian argues that it had already paid $677,746.89 before the appraisal award was issued, and then it paid $400,182.98 based on the appraisal award, bringing the total to $1,077,929.87. *See* Dkt. 22 at 8; Dkt. 25 at 1. If true, then Meridian would have paid more than the total amount of loss stated in the appraisal award. *See* Dkt. 22 at 8; Dkt. 25 at 3-4; *see also, e.g.*, *TMM Invs., Ltd.*, 730 F.3d at 475 (insurer's payment of full appraisal award negated a breach-of-contract claim).

But Meridian neither cites nor attaches evidence substantiating its alleged $677,746.89 in pre-appraisal payments. *See* Dkt. 22 at 8 (no citation); Dkt. 25 at 1 (citing only the $400,182.98 check). The Mushtahas argue, and the Court agrees, that Meridian has not satisfied its summary-judgment burden on this point. *See* Dkt. 28 at 1 (arguing that no evidence supports the $677,746.89 figure); Fed. R. Civ. P. 56(c)(1)(A) (movant claiming that a fact cannot be genuinely disputed must substantiate its position by "citing to particular parts of materials in the record").

13

Rather, Meridian's own document indicates that its prior payments equaled $430,355.27.  *See* Dkt. 25-4 at 10 (Appraisal Letter).  Combining that lower figure with the $400,182.98 Meridian paid on the appraisal award results in a total of $830,538.25.  That is far less than the $934,611.71 appraisal award.

Moreover, the Appraisal Letter reflects that Meridian refused to pay the full amount of the appraisal award.  *Id.*  In that letter, Meridian rejected $47,811.73 of the $934,611.71 total amount of loss, asserting that it included duplicate or unsubstantiated costs, and denied another $46,261.73, claiming that damage to patio pavers was not caused by a covered peril.[4]  *See id.* at 2-3.

To be sure, issuance of an appraisal award does not preclude Meridian from arguing that the Policy does not cover the portion of the award Meridian refused to pay.  An appraisal award establishes only the amount of loss, and not the insurer's liability for that loss.  *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009); *see also, e.g.*, *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, 561 S.W.3d 263, 277-80 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (dispute over cause of roof damage presented "a liability question for the court" notwithstanding inclusion of roof damage in

---

[4] Although Meridian emphasizes a December 6, 2022 letter from the Mushtahas' counsel noting that his clients were happy to "settle" the claim, *see* Dkt. 25 at 1-2 (citing Dkt. 25-2), Meridian does not argue that the letter itself constitutes a binding and enforceable settlement agreement.

the appraisal award).  But Meridian has not asserted, much less substantiated, that it properly denied coverage for some amounts.  It merely argues that it paid the entire appraisal award.  Because the record does not support Meridian's contention, Meridian is not entitled to summary judgment on the breach of contract claim.

### C.   Fact issues on the breach-of-contract claim preclude summary judgment on the Prompt Payment Act claim.

The parties barely mention the Mushtahas' claim under the Prompt Payment Act, Tex. Ins. Code § 542.058.  The Mushtahas did not respond to Meridian's no-evidence challenge on this claim.  *See* Dkt. 22 at 9-10.  But Meridian presupposes, incorrectly, that the Mushtahas have no cognizable breach-of-contract claim that could support related recovery under the Prompt Payment Act.

The Prompt Payment Act "provides that the insurer, upon receiving all requested information necessary to evaluate the claim, must pay the claim within 60 days." *Randel v. Travelers Lloyds of Tex. Ins*. Co., 9 F.4th 264, 268 (5th Cir. 2021) (citing Tex. Ins. Code § 542.058(a)). "If the full payment occurs after that deadline, the insurer is responsible for 18 percent interest through the date of payment and attorney's fees."  *Id*. (citing Tex. Ins. Code § 542.060(a)).

Meridian argues that full payment bars the Prompt Payment Act claim. Dkt. 22 at 10.  But the record does not show that it has paid the full amount of loss.  *See supra* Part I.B.  "[P]ayment of an appraisal award does not absolve the insurer of statutory liability when an insurer accepts a claim but pays only part of the amount it owes within the statutory deadline."  *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 653 (Tex. 2021); *see also Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) ("A wrongful rejection of a claim, if reduced to judgment, can be considered a delay in payment under the Prompt Payment Act.").  Even full payment "does not as a matter of law bar an insured's claims under the Prompt Payment Act."  *Ortiz v. State Farm Lloyds,* 589 S.W.3d 127, 135 (Tex. 2019).

As explained above, Meridian has not negated the existence of coverage for the portion of the total appraisal award that it refused to pay.  *See supra* Part I.B.  More than 60 days have elapsed since the award was issued.  *See* Dkt. 25-3, 25-4.  Genuine issues of material fact therefore preclude summary judgment as to whether Meridian failed to pay in accordance with the deadlines specified in the Prompt Payment Act.

### D.   The Mushtahas have not raised a genuine dispute that Meridian denied coverage in bad faith.

The Mushtahas' other extra-contractual claims assert that Meridian's partial denial was unconscionable under the DTPA and reflects bad faith under

the Texas Insurance Code and the common law. *See* Dkt. 1-4 at 8-11; Dkt. 23 at 6-9. Each of these claims require a showing of bad faith. "[W]hen an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim asserting a wrongful denial or delay in the payment of policy benefits, if there is no merit to the bad faith claim, there can be no liability on the statutory claims." *Erazo v. State Farm Lloyds*, 2024 WL 2805328, at *4 (S.D. Tex. May 3, 2024) (quoting *Kondos v. Allstate Tex. Lloyds*, 2005 WL 1004720, at *13 (E.D. Tex. Apr. 25, 2005)), *adopted by* 2024 WL 2806177 (S.D. Tex. May 31, 2024); *see also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (holding that DTPA and Texas Insurance Code claims "require the same predicate for recovery as bad faith causes of action in Texas"). To the extent the Mushtahas base their DTPA claims on misrepresentations related to inspections that led to the denial of policy benefits, their theories duplicate their bad faith claim. *See Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 497 (N.D. Tex. 2022) (reaching same conclusion based on similar allegations).

For all their extra-contractual claims, the Mushtahas therefore must show Meridian denied coverage in bad faith. In the Appraisal Letter, Meridian asserted that $47,811.73 consisted of duplicate costs or were not substantiated and $46,261.73 addressed "patio stone pavers" that Meridian maintained were "not damaged by water" and, thus, not covered. *See* Dkt. 25-4 at 2-3. Because

the appraisal award resolves the amount of loss, and the Mushtahas do not assert an injury that is independent of policy benefits, their maximum damages consist of $94,073.46 in items Meridian deemed to be "Erroneously-Included and Non-Covered." *See* Dkt. 1-4 at 11-13; Dkt. 23 at 7; Dkt. 25-4 at 10; *Ortiz*, 589 S.W.3d at 134 ("If an insurer's wrongful denial of a valid claim for benefits results from or constitutes a statutory violation, the resulting damages will necessarily include 'at least the amount of the policy benefits wrongfully withheld.'" (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 496 (Tex. 2018))).  At this summary-judgment stage, the Mushtahas must raise a genuine dispute that Meridian acted in bad faith when denying coverage for the "Erroneously-Included and Non-Covered Items."

To establish bad faith, the insured must prove: "(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." *Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 600 (Tex. 1993) (quoting *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988)); *see also Higginbotham*, 103 F.3d at 459.  "Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015) (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44

(Tex. 1998)).  Rather, "[t]he insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." *Higginbotham*, 103 F.3d at 459.

The Mushtahas advance only two arguments that purport to show Meridian's bad faith.  According to the Mushtahas, (1) Meridian gave them and the public adjustor (Hogan) "the proverbial run-around" that delayed the adjustor's payment, and (2) "the magnitude of disparity" between Hogan's previous estimate and the appraisal award is unreasonable.  *See* Dkt. 23 at 6-9; Dkt. 28 at 4.  Neither of these contentions raises a fact issue on their claims.

First, the Mushtahas cite an email where Hogan complained about delays in receiving his payment.  Dkt. 23 at 6 (citing Dkt. 23-9).  Far from a "run-around," this email evinces Meridian's reasonable attempt to process payment, despite difficulties largely created by the Mushtahas themselves. Meridian responded to Hogan's email with a timeline outlining its multiple attempts to issue the check.  On January 10, 2022, in response to Hogan's notification that he "ha[d] not received the check yet," Meridian "sent a photo showing it was released."  Dkt. 23-9.  On January 20, 2022, Hogan "demanded [the check] be overnighted with interest.  [Meridian] replied with a photo showing where it was mailed to" and requesting notification if Hogan "ha[d] not received [the check] by Wednesday Jan 26."  *Id.*  Hogan did not do so.  *See id.* ("You NEVER said that it was not received").  On February 2, 2022, the

Mushtahas requested the check "be sent to [them] VIA fedex since [Hogan's] office can not [sic] receive mail." *Id.* That is where Meridian sent the check. *See id.* Meridian's actions were objectively reasonable.

Second, the Mushtahas' theories premised on the disparity between various figures or payments are immaterial. For their first theory, the Mushtahas focus on the difference between Hogan's previous estimate ($1,229,276.74) and Meridian's alleged initial payment ($677,746.89). *See* Dkt. 23 at 7. They later cite the difference between payments Meridian claims to have made ($1,077,929.87) and the amount the Mushtahas have received ($830,538.25). *See* Dkt. 28 at 2, 4.

Neither of those theories engages the operative question: whether Meridian's refusal to pay a particular loss was reasonable. The supposed difference between Hogan's estimate and Meridian's pre-appraisal payments became moot because the parties obtained a final appraisal award that conclusively established the amount of loss. *See supra* Part I.B. And "[a] discrepancy between the estimates and disagreement as to the amount of damage is not tantamount to bad faith." *See Cantu v. Lloyds*, 2015 WL 12532732, at *6 (S.D. Tex. Aug. 7, 2015) (dismissing extra-contractual claims). Moreover, the Appraisal Letter detailed why Meridian denied coverage for part of the appraisal award. *See* Dkt. 25-4 at 2-3, 10-11. Yet the Mushtahas offer

nothing that would invalidate Meridian's justifications for refusing to pay that portion, much less anything suggesting the refusal reflects bad faith.[5]

In sum, the Mushtahas presented no evidence that raises "the logical inference" of bad faith or shows that Meridian lacked a "reasonable basis to delay or deny payment of the claim." *See Lyons*, 866 S.W.2d at 600. Nor do their allegations evince "glaringly noticeable, flagrant, complete and unmitigated" unfairness by Meridian or "false, misleading, or deceptive acts." *See Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001) (citing Tex. Bus. & Com. Code § 17.50); *Checker Bag Co., a Div. of Checker Food Prod. Co. v. Washington*, 27 S.W.3d 625, 634 (Tex. App.—Waco 2000, pet. denied) (citing Tex. Bus. & Com. Code § 17.46). Summary judgment is therefore warranted for Meridian on the Mushtahas' Texas Insurance Code, common law, and DTPA claims.[6]

## II. <u>Meridian's motion for judgment on the pleadings</u>

As noted, Meridian's Rule 12(c) motion for judgment on the pleadings largely duplicates its subsequent motion for summary judgment, which was addressed above. Because only the breach-of-contract claim and interrelated

---

[5] As Meridian correctly contends, the Mushtahas further failed to allege—and the record does not reflect—that Meridian made any false statement or otherwise misrepresented the facts. *See* Dkt. 22 at 8. That flaw further negates their DTPA and Insurance Code claims premised on misrepresentations. *See* Dkt. 1-4 at 8-10 (pleading various misrepresentation theories).

[6] Meridian also argues that the Mushtahas' failure to submit to an EUO bars their extra-contractual claims. *See* Dkt. 15 at 8. Because these claims should be dismissed on other grounds, the Court need not reach this argument.

Prompt Payment Act claims should survive summary judgment, the Court limits its analysis of the Rule 12(c) motion to those claims. Accordingly, the only substantive issue that the Court will address is Meridian's contention that the Mushtahas failed to submit to an EUO, as a condition precedent to recovery under the Policy.

### A.   The Court accepts the Mushtahas' untimely response.

Before reaching the substance of the Rule 12(c) motion, the Court addresses Meridian's request to strike the Mushtahas' untimely response, which was filed without leave of court. *See* Dkt. 18 at 1.[7]

Meridian is correct that the Mushtahas had 21 days to respond. *See* S.D. Tex. L.R. 7.3 (motions are submitted for resolution 21 days from filing); Judge Alfred H. Bennett, Court Procedures and Practices § B(5)(e) (21 days to file a response). Instead, the Mushtahas filed their response 32 days after Meridian's motion. *Compare* Dkt. 15 (filed Oct. 20, 2023), *with* Dkt. 16 (filed Nov. 21, 2023). Moreover, the Mushtahas sought to cure their previous

---

[7] Both parties have repeatedly violated procedural requirements. For example, on more than one occasion, Meridian improperly attached new evidence in a reply brief and failed to attach a certificate of conference to its motions. *Compare* Dkt. 11, 18, 22, 25, *with* S.D. Tex. L.R. 7.7 *and* Judge Alfred H. Bennett, Court Procedures and Practices § B(5)(c). Meridian also filed discovery materials, which the rules disallow. *Compare* Dkt. 17 (expert disclosures), *with* S.D. Tex. L.R. 5.4 (prohibiting the filing of discovery materials). And most of the Mushtahas' briefing is utterly devoid of supporting authority. *Compare* Dkt. 16, 18, 28 (citing no authority other than the standard of review), *with* S.D. Tex. L.R. 7.4(C) (responses and replies "[m]ust include or be accompanied by authority"). Counsel is cautioned to carefully review and comply with the District Judge's procedures and the local rules of this Court.

tardiness in a sur-reply, filed without leave of court, that also violates this Court's rules. *Compare* Dkt. 19, *with* Judge Alfred H. Bennett, Court Procedures and Practices § B(5)(f).

Despite these deficiencies, striking the Mushtahas' untimely response brief is unwarranted because Meridian has not shown it was prejudiced by the tardy submission. *See Arvie v. Dodeka, LLC*, 2010 WL 4312907, at *6 n.3 (S.D. Tex. Oct. 25, 2010) (denying a motion to strike because the moving party did not argue the delay caused any prejudice). The Mushtahas have explained the error was unintentional, occasioned by its change of counsel. *See* Dkt 19 at 2-3. The Court denies Meridian's motion to strike and accepts the Mushtahas' response, Dkt. 16, as filed.

### B. Meridian's Rule 12(c) motion is converted into a motion for summary judgment.

Another threshold issue concerns the proper framework for Meridian's Rule 12(c) motion, which relies in material part on documents extrinsic to the Mushtahas' pleading. Meridian's reply brief attached the Appraisal Letter, which was sent to the Mushtahas' attorney and requested that Dr. Mushtaha submit to an EUO. *See* Dkt. 18-1 at 10. According to Meridian, the letter should be deemed part of the pleadings because the EUO, a condition precedent under the Policy, is a central issue. Dkt. 18 at 2. This argument is flawed.

Although the pleadings attach the Policy, including its EUO provision, they do not reference the *Appraisal Letter*.  *See* Dkt. 1-4; Dkt. 1-5 at 1-12; *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (the Court may consider "*documents* incorporated into the complaint by reference") (emphasis added).  The Appraisal Letter substantiates Meridian's position that it requested an EUO, but the document itself is not "necessary to establish an element" of the Mushtahas' claim.  *See Chuttoo v. Horton*, 627 F. Supp. 3d 655, 666 (E.D. Tex. 2022).  Any references to the Appraisal Letter in Meridian's answer are irrelevant because the letter was not "referenced *by the [Mushtahas'] complaint*."  *See* Dkt. 1-4 (no reference to Appraisal Letter); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added) (limiting review to "documents attached to … [or] referenced by the complaint").

Meridian is not the only party who submitted evidence outside the pleadings.  The Mushtahas attached an affidavit to their response.  Dkt. 16-1.  That affidavit is not referenced in or attached to their complaint.  *See* Dkt. 1-4 (no affidavit).  It is not the type of document that can be considered under Rule 12(c)'s framework.  *See J&J Sports Prods., Inc. v. Sw. Tex. Ent., Inc.*, 2019 WL 1313474, at *4 n.1 (W.D. Tex. Jan. 23, 2019) (affidavit with a party's "version of the facts contradicting the ... allegations is not th[e] type of

document" that can be considered on a motion for judgment on the pleadings), *adopted by* 2019 WL 2565255 (W.D. Tex. Mar. 27, 2019).

Because both parties have presented extrinsic evidence pertinent to resolving the issues, the proper course is to convert Meridian's Rule 12(c) motion into a motion for summary judgment. Doing so would not prejudice the parties. *See Pub. Citizen v. Am. Elec. Power Co., Inc.*, 2008 WL 11449315, at *2 (E.D. Tex. Jan. 24, 2008) (considering a 12(c) motion under the summary judgment standard where both parties attached extrinsic evidence).

Moreover, Meridian's argument in the Rule 12(c) motion—that the Mushtahas failed to satisfy a condition precedent—challenges the Mushtahas' performance under the Policy, an essential element of their breach of contract claim. *See* Dkt. 15 at 5-7. Meridian already filed a motion for summary judgment challenging that claim. Dkt. 22 at 7-8. There is no reason to consider the same claim under different standards of review. *See Twin City Fire Ins. Co. v. Oceaneering Int'l, Inc.*, 2017 WL 2999269, at *4 (S.D. Tex. Feb. 28, 2017) (converting Rule 12(c) motion to summary-judgment motion where parties had "sufficient briefing [and] ample opportunity" to present all pertinent extrinsic material when submitting separate cross-motions for summary judgment), *adopted by* 2017 WL 1160514 (S.D. Tex. Mar. 29, 2017).

Pursuant to Fed. R. Civ. P. 12(d), the Court therefore converts Meridian's Rule 12(c) motion for judgment on the pleadings, Dkt. 15, to a motion for

summary judgment.  Under that standard, the Court will determine whether there is a genuine dispute of material fact that the Mushtahas' failed to perform their obligations under the contract.

### C.   The Mushtahas' failure to submit to an examination under oath, a condition precedent to recovery, warrants a stay until the examination occurs.

Meridian argues that the Mushtahas failed to perform their own obligations under the Policy by refusing to submit to an EUO, thus defeating the second element of their breach of contract claim.  *See* Dkt. 15 at 6.  The Policy imposes a duty on the Mushtahas to submit to an EUO if requested.  *See* Dkt. 1-5 at 93 ("no duty to provide coverage" if the Mushtahas fail to comply with their duty to "[s]ubmit to examination under oath" is prejudicial to Meridian); *id.* at 82 ("No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy ....").

The EUO provisions are enforceable under Texas law.  *See Gutierrez v. Geovera Specialty Ins. Co.*, 2013 WL 12139381, at *1 (S.D. Tex. Feb. 20, 2013) (considering substantially similar policy language and concluding that the claims could not proceed until the plaintiff completed an EUO).  The Mushtahas do not dispute that they had a duty to submit to an EUO, if requested.  *See* Dkt. 16 at 3-4.  They assert that no such request was made, or alternatively, that Meridian waived its right to make that request.  The record belies the Mushtahas' contentions.

26

1.   <u>Meridian did not waive its right to an EUO.</u>

Without citing supporting authority, the Mushtahas assert that Meridan waived its right to an EUO by making a partial payment on the claim.  *See* Dkt. 16 at 3; Dkt. 19 at 6.  That is inaccurate.

In Texas, waivers of contractual rights must be intentional.  *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 709 (Tex. 2021).  "[I]ntent to waive a right may be implied by conduct only if, in light of the surrounding facts and circumstances, it is unequivocally inconsistent with claiming that right."  *Id.* (internal quotation marks omitted).

The Mushtahas cited no evidence, nor even argued, that Meridian intended to abandon its right to an EUO.  Instead, they contend that waiver is implied because the Appraisal Letter was "ambiguous."  *See* Dkt. 19 at 5.  But waivers must be "clear, decisive, and unequivocal."  *Eagle Oil*, 619 S.W.3d at 709 (internal quotation marks omitted).  The Appraisal Letter does not say that Meridian would refuse to pay the $400,182.98 it later transmitted on the appraisal award unless the EUO were first completed.  *See* Dkt. 18-1.  Thus, its subsequent payment of that sum does not clearly and unequivocally waive its right to demand an EUO.  Quite the contrary, the Appraisal Letter reserved Meridian's rights "under the policy or at law."  Dkt. 18-1 at 1.

The Mushtahas also argue that an EUO would have no effect because "[t]he property claims were paid and determined."  *See* Dkt. 19 at 5-7.  But

again, they cite no authority suggesting that Meridian's right to enforce the EUO requirement hinges on what the EUO could reveal.  Indeed, even the availability of depositions during discovery does not supplant Meridian's right to enforce the Policy's EUO provision.  *See HB Park Apts., LLC v. State Auto. Mut. Ins. Co.*, 2023 WL 186866, at *4 (E.D. Tex. Jan. 13, 2023) ("Federal courts have rejected these propositions time and time again ....") (collecting authorities).  More importantly, the breach-of-contract claim challenges Meridian's denial of coverage for certain losses, including for lack of sufficient substantiation.  That comports with Meridian's demanding an EUO to gather pertinent information from the Mushtahas and protect itself against false claims.  *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam) (no waiver of a right if a party's conduct is not "inconsistent with an intent to rely upon such right"); *Claflin v. Commonwealth Ins. Co. of Boston, Mass.*, 110 U.S. 81, 94-95 (1884) (purpose of EUO).

The Mushtahas have therefore presented insufficient evidence to meet their "particularly onerous burden" of showing an intentional waiver.  *See G.H. Bass & Co. v. Dalsan Properties-Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994, no pet.*); see also Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 674 (Tex. App.—Beaumont 2005, no pet.) (no waiver where plaintiffs failed to cite any case law that limits the EUO right).  Meridian is entitled to enforce the EUO provision in the Policy.

2.   <u>The EUO is a condition precedent that Mushtahas failed to satisfy.</u>

The parties agree that the EUO provision is a condition precedent to denial of coverage.  *See* Dkt. 15 at 7; Dkt. 19 at 6; *see also State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989, no writ) (per curiam) (EUO provisions are valid conditions precedent).  "Performance of any condition precedent is an essential element of a plaintiff's breach of contract case."  *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 734 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

The Mushtahas contend that Meridian never invoked its right to an EUO.  *See* Dkt. 16 at 3-4; Dkt. 19 at 6.  The evidence shows, however, that Meridian requested an EUO by letter on November 9, 2022, and again on November 30, 2022.  *See* Dkt. 18-1 at 10 (Appraisal Letter).  The Mushtahas assert that they never received the Appraisal Letter, which was sent to their attorney.  *See Id* at 1; Dkt. 19 at 3; Dkt. 16-1 at 2 (Akram Mushtaha's affidavit, stating neither he nor his wife "personally receive[d] a request to submit to a request to be examined under oath prior to the filing of the lawsuit").  But "knowledge acquired by the attorney is imputed to the client."  *Am. Flood Rsch., Inc. v. Jones*, 192 S.W.3d 581, 584 (Tex. 2006) (per curiam).  Moreover, the Mushtahas concede that they did receive the EUO request after this suit was filed.  *See* Dkt. 19 at 3.  Yet no EUO has been completed.

The Mushtahas' alternative contention attempts to invert the burden of proof. They argue there is no evidence that an EUO has *not* occurred. Dkt. 19 at 4. But because the EUO is a condition precedent to their recovery, the *Mushtahas* must prove they satisfied it. *See Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 283 (Tex. 1998) ("A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied."); *see also Lidawi*, 112 S.W.3d at 734-35 (rejecting contention that insureds "substantially complied" with the EUO request because they were "ready, willing, and able to proceed with the examination"). The Mushtahas failed to do so.

3.   <u>The proper remedy is to stay the case and require that Mushtahas submit to an EUO.</u>

The final question concerns the proper remedy for the Mushtahas' failure to submit to an EUO. Citing cases that apply Louisiana law, Meridian asserts that this omission prejudiced it, such that the Mushtahas' claims should be dismissed. *See* Dkt. 15 at 6 (citing *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 166 (5th Cir. 2012) (Louisiana law)). But under Texas law, the remedy for failure to submit to an EUO is abatement, not dismissal.

"[I]t is well-settled law in Texas that abatement rather than exclusion or barring of a claim is the insurer's appropriate remedy for enforcement of an insured's conditions precedent to coverage." *See Rossco Holdings, Inc. v.*

*Lexington Ins. Co.*, 2011 WL 1363799, at *4 (S.D. Tex. Apr. 11, 2011) (citing *Lidawi*, 112 S.W.3d at 735) (denying summary judgment in part because abatement is the proper remedy to enforce an EUO provision); *see also, e.g.*, *Bernal v. Travelers Lloyds of Tex. Ins. Co.*, 2020 WL 1650721, at *2 (S.D. Tex. Mar. 26, 2020) (same conclusion); *In re Foremost Cnty. Mut. Ins. Co.*, 172 S.W.3d 128, 134 (Tex. App.—Beaumont 2005, orig. proceeding) (abatement is the "proper remedy" for an insured's failure to submit to an EUO).  Abatement is warranted even when, as here, the insurer has not requested that relief.  *See Shafighi v. Tex. Farmers Ins. Co.*, 2013 WL 1803609, at *4 (Tex. App.—Houston [14th Dist.] Apr. 30, 2013, no pet.) (collecting authorities).

Because discovery has closed, *see* Dkt. 24 (scheduling order), an abatement at this juncture involves a stay of the remaining trial-related deadlines until the EUO has occurred.  Thus, all remaining deadlines should be stayed until the Mushtahas complete an EUO.  *See U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, 2008 WL 5351847, at *3 (W.D. Tex. Nov. 6, 2008) (entering stay until 30 days after EUO is complete).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Meridian Security Insurance Company's motion for summary judgment (Dkt. 22) be

- **GRANTED IN PART** as to Plaintiffs Akram Mushtaha and Khawla Mushtahas' claims under Tex. Ins. Code § 541.060(a), the DTPA, Tex. Bus. & Com. Code §§ 17.46(b) and 17.50(a), and the common law duty of good faith and fair dealing, which should be **DISMISSED WITH PREJUDICE**; and

- **DENIED IN PART** as to the Mushtahas' claims for breach of contract and under the Prompt Payment Act, Tex. Ins. Code § 542.058.

For Meridian's motion for judgment on the pleadings (Dkt. 15), it is

- **ORDERED** the motion be converted into a motion for summary judgment;

- **ORDERED** that Meridian's motion to strike the Mushtahas' untimely response (Dkt. 18) is **DENIED**; and

- **RECOMMENDED** that the motion be **GRANTED IN PART** with respect to Meridian's entitlement to require the Mushtahas to submit to an examination under oath, and that all deadlines be **STAYED** until 30 days after the Mushtahas submit to an examination under oath.  If this recommendation is adopted, the parties must complete the EUO **within 20 days** after the order adopting the recommendation.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude**

appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on July 2, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge